J-S44020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID CARLTON PALMER | : | |
| | : | |
| Appellant | : | No. 2985 EDA 2023 |

Appeal from the PCRA Order Entered November 6, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001931-2008

BEFORE: NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.: **FILED DECEMBER 17, 2024**

David Carlton Palmer (Appellant), *pro se*, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Appellant sought relief from his jury conviction of first-degree murder, and his conviction by the trial court of possession of an instrument of crime.[2] After careful review, we affirm the PCRA court's order.

This Court previously summarized the relevant history of this case, as gleaned from the certified record:

> On March 3, 2009, Appellant was found guilty of first-degree murder and related offenses in connection with the June 6, 2007[,] shooting death of Jermaine Jackson [(Jackson)] in Chester, Pennsylvania. That same day, the trial court sentenced [Appellant] to an aggregate term of life imprisonment without the

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(a), 901.

possibility of parole. A panel of this Court affirmed Appellant's judgment of sentence on May 26, 2010, and our Supreme Court denied *allocatur* on November 17, 2010. **See Commonwealth v. Palmer**, 4 A.3d 205 (Pa. Super. 2010) (unpublished memorandum), **appeal denied**, 13 A.3d 477 (Pa. 2010). Appellant did not initially file a PCRA petition in this matter. Thereafter, on May 6, 2019, Appellant filed …[a] *pro se* motion to compel discovery pursuant to Pennsylvania Rule of Criminal Procedure 573(a).[3] The trial court denied Appellant's motion on May 8, 2019.

**Commonwealth v. Palmer**, 4 A.3d 205, 1607 EDA 2019 (Pa. Super. 2010) (unpublished memorandum at 1-2) (footnoted added). Appellant timely appealed and, on April 21, 2020, a panel of this court vacated the common pleas court's order. This Court considered Appellant's *pro se* discovery motion to be a request for relief under the PCRA. **Palmer**, 4 A.3d 205 (unpublished memorandum at 3). Accordingly, we remanded for the appointment of counsel and further proceedings in accordance with the PCRA. **Id.** (unpublished memorandum at 4-5).

On remand, the PCRA court appointed Stephen D. Molineaux, Esquire, to represent Appellant. Order, 10/14/20. The PCRA court granted Attorney Molineaux several continuances within which to file a supplemental PCRA petition or a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **See** PCRA Court Orders, 1/5/21, 6/15/21, 9/8/21, 12/1/21, 2/9/22.

---

[3] Rule 573(A) addresses permissible pre-trial discovery.

- 2 -

On April 19, 2022, Appellant filed a *pro se* supplemental PCRA petition claiming the ineffective assistance of trial counsel. Supplemental Petition, 4/19/22, at 2. Appellant asserted that trial counsel failed to research the impact of Appellant's use of PCP, and its impact on his ability to form the specific intent to kill. *Id.* at 2-3. Appellant further claimed trial counsel ineffectively failed to request an instruction pursuant to ***Commonwealth v. Kloiber***, 106 A.2d 820 (Pa. 1954) (***Kloiber*** instruction).[4] On May 12, 2022, the PCRA court granted Attorney Molineaux's request for another continuance. PCRA Court Order, 5/12/22.

On August 18, 2022, Attorney Molineaux filed a ***Turner***/***Finely*** no-merit letter. Attorney Molineaux's no-merit letter explained that Appellant's petition is untimely, and Appellant cannot establish an exception to the PCRA's timeliness requirement. No-Merit Letter, 8/18/22, at 2-3. Attorney Molineaux further explained why Appellant's underlying claims, raised in his *pro se* petition, lack merit and are frivolous. *Id.* at 3.

On October 5, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing, and granted Attorney Molineaux leave to withdraw. Pa.R.Crim.P. 907 Notice, 10/4/23. On

---

[4] "A ***Kloiber*** instruction advises the jury that witnesses sometimes make mistakes in identification, and that, if certain factors are present, the accuracy of identification testimony is so doubtful that a jury must receive it with caution." ***Commonwealth v. Reid***, 235 A.3d 1124, 1195 (Pa. 2020).

November 6, 2023, the PCRA court dismissed Appellant's December 1, 2022, *pro se* PCRA Petition. Order, 11/6/23. Thereafter, Appellant, *pro se*, filed the instant timely appeal.

Appellant subsequently filed a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. In his concise statement, Appellant included claims of ineffective assistance of PCRA counsel. Concise Statement, 4/1/24.

In his appellate brief, Appellant presents the following issues for our review:

> 1) Whether the [PCRA c]ourt abused its discretion when it failed to consider fully all mitigating factors of the case and [Appellant's] background and/or whether [Appellant] was deprived of []effective assistance of counsel?
>
> 2) Whether the [PCRA c]ourt abused its power when [Appellant] asked for his discovery and it was turned it [in]to a [PCRA] because at the end of the day the court crippled [Appellant] from filing any appeal in a right manner[,]because he did not have all the proper information needed to file his appeal?
>
> 3) Whether the [PCRA c]ourt abused its power on going [*sic*] [Appellant] a fair trial and or did the court let [Appellant] fairly demonstrate his case?

Appellant's Brief at 6 (unpaginated) (punctuation modified).

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Initially, we address the timeliness of Appellant's PCRA petition.

> All PCRA petitions "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final…."[5]    42 Pa.C.S.[A.] § 9545(b)(1).    The PCRA's time restrictions are jurisdictional in nature.  Thus, [i]f a  PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims.

*Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (footnote added; citation omitted).

Our review discloses Appellant's judgment of sentence became final in January 2011, when his time for seeking discretionary review in the United States Supreme Court expired.  *See* U.S. SUP. CT. RULE 13.   Under the PCRA, Appellant was required to file any petition by January 2012.  *See* 42 Pa.C.S.A. § 9545(b)(1).   Appellant filed the instant PCRA petition (the motion for discovery) on May 6, 2019.  Appellant's PCRA petition is facially untimely, as it was filed more than eight years after his sentence became final.  *Id.*

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) [T]he failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[5] A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9544(b)(3).

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See id.* § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Albrecht*, 994 A.2d at 1094 (citations omitted)

In his brief, Appellant argues trial counsel's ineffectiveness, and the Commonwealth's violation of *Brady v. Maryland*, 373 U.S. 83 (1963), for failing disclose to the defense evidence favorable to Appellant. Appellant's Brief at 12 (unpaginated). In the summary of argument section of his brief, Appellant argues trial counsel rendered ineffective assistance by not requesting a *Kloiber* instruction.

In his brief, Appellant does not acknowledge the untimeliness of his PCRA petition, much less argue an exception that he believes his claims

satisfy.[6]  This necessarily precludes our review of his underling issues.  ***See***

***Commonwealth v. Wharton***, 886 A.2d 1120, 1125 (Pa. 2005) (refusing to

consider post-conviction claim where the appellant did not acknowledge that

his petition was untimely, "much less attempt to raise one of the enumerated

exceptions").  Because Appellant failed to timely file his PCRA petition, and

failed to establish any exception to the PCRA's timeliness requirement, we

affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date:  12/17/2024

---

[6] Although Appellant alleged the ineffective assistance of PCRA counsel in his concise statement, he failed to raise this claim in his appellate brief. Accordingly, Appellant has abandoned this ineffectiveness claim on appeal. ***See Commonwealth v. Briggs***, 12 A.3d 291, 310 n.19 (Pa. 2011) (refusing to address a claim the appellant raised with the trial court by abandoned in his brief); ***see also Commonwealth v. Parrish***, 273 A.3d 989, 1006 (Pa. 2022) ("To be entitled to a remand, [an appellant] must provide more than boilerplate assertions of [] counsel's ineffectiveness.  That is, he must establish that there are issues of material facts concerning claims challenging counsel's stewardship and that relief may be available.").